IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Matthew Hesselbacher, *et al.* | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| Ford Motor Company, a Delaware corporation | § | Subpoena issued in: Case No. 2:18-CV-04777-DLR |
| | § | Pending in the U.S. District Court for the District of Arizona |
| | § | |
| Defendant, | § | |
| | § | |

---

**NON-PARTY ZF ACTIVE SAFETY AND ELECTRONICS US LLC'S MOTION TO QUASH SUBPOENA AND BRIEF IN SUPPORT**

---

i

## MOTION TO QUASH SUBPOENA

Non-party ZF Active Safety and Electronics US LLC (formerly known as TRW Automotive U.S. LLC) ("ZF ASE") moves this Court to quash Plaintiff's subpoena to testify at a deposition and produce documents under Rule 45, FED. R. CIV. P. because the subpoena imposes an undue burden and seeks highly proprietary and confidential information and documents that are neither relevant nor necessary for Plaintiff's claims.  The subpoena arises out of the underlying lawsuit *Matthew Hesselbacher v. Ford Motor Company,* Case No. 2:18-CV-04777-DLR, pending in the United States District Court for the District of Arizona.  ZF ASE did not supply pedestrian or cyclist avoidance technology for the 2013 Ford F-150 at issue in the underlying lawsuit, yet Plaintiff's subpoena commands ZF ASE to provide a corporate representative to testify regarding any Forward Collision Avoidance Technology ("FCAT") product supplied or offered for sale by ZF ASE to any automotive manufacturer for any vehicle from 2004 to 2013.  The subpoena also requires ZF ASE to search for and produce vast quantities of highly confidential and proprietary documents and materials corresponding to the deposition topics. Plaintiff's demands significantly exceed the scope of discovery previously ordered by an Arizona federal court judge in a similar FCAT lawsuit involving the same Plaintiff's attorney and in which non-party ZF ASE also received a similar subpoena and deposition notice.  Therefore, the Court should quash the subpoena because

compliance would impose an undue burden and require disclosure of trade secret or other confidential information. Non-party ZF ASE's Motion is based on and supported by the accompanying Brief in Support and the supporting exhibits.

## CERTIFICATE OF CONFERENCE

As required by Local Rule 7.1(a), counsel for non-party ZF ASE met and conferred with counsel for Plaintiff by an exchange of e-mails and multiple telephone conferences to discuss in detail the objectionable scope of the subpoena that forms the basis for this motion, and to attempt to coordinate agreed limitations and alternative scope of the deposition. These communications are described in detail in the Factual Background section of the supporting brief below. Despite these efforts, the parties were unable to reach agreement regarding the scope of the deposition, and it became necessary to file this Motion.

## BRIEF IN SUPPORT OF NON-PARTY ZF ASE'S MOTION TO QUASH SUBPOENA

## CONCISE STATEMENT OF ISSUE PRESENTED

Is a subpoena that commands a non-party to expend potentially hundreds of man-hours to search for and produce confidential commercial materials for Forward Collision Avoidance Technology products in vehicles that are not at issue in the underlying lawsuit unduly burdensome, overly broad, and subject to quashing under FED. R. CIV. P. 45?

**Answer:**   **YES, the subpoena should be quashed.**

# <u>CONTROLLING AUTHORITIES</u>

1. Fed. R. Civ. P. 26.

2. Fed. R. Civ. P. 45.

3. *Hansen Beverage Co. v. Innovation Ventures, LLC.,* 2009 U.S. Dist. LEXIS 46217 (E.D. Mich. 2009).

4. *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, 2005 U.S. Dist. LEXIS 30594 (W.D. Mich. 2005).

# TABLE OF CONTENTS

Page

MOTION TO QUASH SUBPOENA ....................................................... ii

CERTIFICATE OF CONFERENCE...................................................... iii

BRIEF IN SUPPORT OF MOTION ...................................................... iv

CONCISE STATEMENT OF ISSUE PRESENTED..............................iv

CONTROLLING AUTHORITIES........................................................ v

TABLE OF CONTENTS....................................................................vi

INDEX OF AUTHORITIES ................................................................ vii

    1.  FACTUAL BACKGROUND........................................................1

        a.  The Arizona Lawsuit ............................................................1

        b.  Plaintiff's Subpoena and the Parties' Meet-and-Confer Efforts ..........2

    2.  ARGUMENT AND AUTHORITIES ............................................5

        a.  Authority for Quashing a Subpoena......................................5

        b.  Plaintiff's Subpoena is Unduly Burdensome .......................6

        c.  Plaintiff's Subpoena Requires Disclosure of Confidential Information ...............................................................8

        d.  Plaintiff Cannot Demonstrate ZF ASE's Confidential Business Information is Relevant or Necessary ...................................9

    3.  CONCLUSION............................................................................12

# INDEX OF AUTHORITIES

CASES

*Allen v. Howmedica Leibinger,*
    190 F.R.D. 518, 526 (W.D. Tenn. 1999) ....................................................10

*Echostar Communs. Corp. v. News Corp. Ltd.*,
    180 F.R.D. 391 (D. Colo. 1998) ................................................................12

*Graham v. Casey's Gen. Stores*,
    206 F.R.D. 251 (D.C. Ind. 2002) ..............................................................12

*Hansen Beverage Co. v. Innovation Ventures, LLC*,
    2009 U.S. Dist. LEXIS 46217 (E.D. Mich. 2009) .................................6, 12

*In re Smirman*,
    267 F.R.D. 221, 223 (E.D. Mich. 2010) ....................................................12

*Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*,
    2005 U.S. Dist. LEXIS 30594 (W.D. Mich. 2005)..................5, 6, 8, 10, 11

*Wells Fargo Bank. N.A. v. MPC Investors*,
    2010 U.S. Dist. LEXIS 84600 (E.D. Mich. 2010).......................................5

*Wiwa v. Royal Dutch Pet. Co.*,
    392 F.3d 812, 818 (5th Cir. 2004)...............................................................6


STATUTES AND RULES

FED. R. CIV. P. 26 .........................................................................................5

FED. R. CIV. P. 45 ....................................................................................5, 12

## 1. __FACTUAL BACKGROUND__

**A.    The Arizona Lawsuit**

ZF ASE is not a party to the underlying litigation.  In his Complaint, Plaintiff alleges his decedent, Pamela Hesselbacher, was walking with her two children, R.H. and A.H., through a crosswalk in Chandler, Arizona on November 12, 2016. Plaintiff's First Amended Complaint, Ex. A, at ¶¶ 9-12.   William Epperlein disregarded a red light and drove his 2013 Ford F-150 pickup truck ("subject vehicle") through the crosswalk and struck Mrs. Hesselbacher and her children.  *Id.* at ¶¶ 13-18.  Mrs. Hesselbacher died as a result of her injuries, and the children sustained serious and permanent injuries. who sustained serious head injuries and was pronounced dead shortly after the accident.  *Id.* at ¶¶ 20-21.  Plaintiff asserts causes of action for products liability, wrongful death, and negligent infliction of emotional distress against only Ford Motor Company ("Ford"), the vehicle manufacturer, and contends the truck should have been manufactured with a forward collision avoidance system that included pedestrian collision detection/avoidance. *Id.* at ¶¶ 68-90.

ZF ASE is a supplier of Driver Assistance Systems ("DAS") products to original equipment manufacturers ("OEMs") but did not supply pedestrian or cyclist avoidance features for the subject vehicle.  Affidavit of Emanuel Goodman, Ex. B, at ¶ 4.

1

**B.      Plaintiff's Subpoena and the Parties' Meet-and-Confer Efforts**

On October 28, 2019, Plaintiff issued a subpoena for a deposition of ZF ASE's corporate representative with accompanying lists of deposition topics and document requests.  Subpoena to Testify at a Video Deposition in a Civil Action and Amended Notice, Ex. C.  The deposition was unilaterally noticed for January 7, 2020, at a hotel in Romulus, Michigan.  *Id.*  Plaintiff's deposition topics broadly sought any and all information related to FCAT products that ZF ASE offered for sale and/or use to any OEM from 2004 to 2013, including the general characteristics, pricing, performance criteria, capabilities, specifications, and actual field performance of such products. *Id.*  The document requests similarly sought all catalogues, brochures, price lists, design documents, specifications, bids, invoices, requests for proposal, and statements of work for the above-referenced FCAT products.  *Id.*  The topics and requests sought all communications between ZF ASE and Ford regarding all FCAT products from 2004 to 2013.  *Id.*

Shortly after service of the subpoena, ZF ASE's counsel contacted Plaintiff's counsel to confer regarding the subpoena's scope and outlined the objections detailed in this motion.  In an effort to avoid a deposition but still provide some documents responsive to the subpoena, ZF ASE and Plaintiff reached an agreement to extend the time for ZF ASE to object to the subpoena and/or file a Motion to Quash in exchange for a limited production of discrete brochures, marketing

materials, and customer presentations from 2006 to 2009. E-mail exchange dated November 25, 2019, Ex. D. Because the protective order entered in the underlying lawsuit did not apply to non-parties' documents, the parties agreed they would file a stipulation extending the protective order to non-parties. *Id.*

Plaintiff's counsel is serving as counsel in another FCAT case pending in Arizona federal court, *Shunlun Wen v. General Motors LLC*, and issued virtually the same subpoena to ZF ASE in that case. Subpoena to ZF ASE in *Wen*, Ex. E. During meet-and-confer negotiations for the subpoenas in both cases, ZF ASE's counsel learned the Arizona court in *Wen* had previously limited the scope of discovery as a result of a dispute between Plaintiff and defendant General Motors. The plaintiff in *Wen* had sought disclosure of all information about General Motors' work developing, evaluating, and testing FCAT but did not limit the request by time, type of FCAT, or vehicle. Discovery Order from Arizona court, Ex. F, pgs. 1-2. The presiding judge concluded the requests were too broad and incorporated irrelevant discovery. *Id.* at pg. 4. She ruled, "The Court finds that the relevant information is at least limited to camera or fusion (that with both camera and radar sensing) technology for detection of pedestrian or bicycle." *Id.*

Despite the order in *Wen*, Plaintiff's co-counsel advised that he "fully expect[ed] ZF to produce all documents responsive to our subpoena, and to produce

3

a knowledgeable witness, as required by law." E-mail from Plaintiff's counsel dated December 2, 2019, Ex. G.

In accordance with the interim agreement, ZF ASE has produced 125 pages of non-confidential brochures and marketing materials customer presentations from 2006 to 2009. E-mail from ZF ASE's counsel forwarding document production dated February 26, 2020, Ex. H. ZF ASE has not yet produced confidential documents in *Hesselbacher* because the parties have not filed a stipulation extending the current protective order to ZF ASE's documents. Because the protective order in the other FCAT lawsuit, *Wen*, applies to ZF ASE, it has produced 577 pages of confidential and non-confidential documents in that case. E-mails from ZF ASE's counsel forwarding document productions, Ex. I. Despite ZF ASE's compliance with the initial interim agreement, Plaintiff's counsel has twice revised the scope of documents sought by first requesting documents closer in time to the manufacture of the subject vehicle and then specifically seeking documents showing the distance capabilities for pedestrian detection prior to model year 2013. E-mail exchanges regarding revisions to document production scope, Ex. J. Plaintiff and ZF ASE agreed to numerous extensions and further productions as part of meet-and-confer efforts. Various e-mail exchanges regarding extensions and document productions, Ex. K.

Counsel for Plaintiff and ZF ASE continued to discuss the scope of the subpoena, but they did not reach an agreement regarding the deposition scope and document production, necessitating the filing of this Motion to Quash.

## 2. <u>ARGUMENT AND AUTHORITIES</u>

### A.    Authority for Quashing a Subpoena

A court for the district where subpoena compliance is required *must* quash or modify a subpoena which "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv).   The court may quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i).  Further, a court, on good cause shown, may issue discovery orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c).  These provisions provide overlapping protection to a non-party responding to a subpoena. *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 U.S. Dist. LEXIS 30594 at *5-6 (W.D. Mich. 2005).  Plaintiff's subpoena violates these protections, and the Court should quash it. *See also Wells Fargo Bank, N.A. v. MPC Investors, LLC*, No. 09-CV-11249, 2010 U.S. Dist. LEXIS

84600, *8 (E.D. Mich. Aug. 2, 2010) ("Rule 45(c)(3) [now 45(d)(3)] requires the Court to quash or modify a subpoena that . . . subjects a person to undue burden.").

**B.   Plaintiff's Subpoena is Unduly Burdensome**

This court and other District Courts in Michigan detail the boundaries of subpoenas to non-parties.  When assessing the burden created by a subpoena, "the Court must weigh the burden of compliance against the potential value of the information sought." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 2-09-mc-50356, 2009 U.S. Dist. LEXIS 46217 at *2 (E.D. Mich. 2009) (citation omitted). Courts consider the following factors: relevance; need; confidentiality; harm; and breadth of the request. *Spartanburg,* 2005 U.S. Dist. LEXIS 30594 at *5-6; *see also Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

As detailed in the Affidavit of Emanuel Goodman and ZF ASE's Objections and Responses to Plaintiff's Subpoena, Plaintiff seeks a very broad scope of discovery from ZF ASE, even though ZF ASE is not a party.  Goodman Affidavit, Ex. B.  The deposition topics seek any and all information related to FCAT products that ZF ASE offered for sale and/or use to any OEM from 2004 to 2013, while the document requests seek a vast range of design, development, and commercial documents for ZF ASE's FCAT products in the same time range.  *See* Ex. C; Ex. B, ¶ 5.  The subpoena is not limited to a particular FCAT product, application, vehicle model year, manufacturer, specific defect allegation, or any other limiting factor.  *Id.*

6

ZF ASE supplied configurations of various types of DAS products to many OEMs for installation in multiple distinct vehicle lines from 2007 to 2016.  *See* Ex. B, ¶ 6.   The scope of Plaintiff's subpoena includes DAS products supplied by ZF ASE for no less than 22 platforms for at least six OEM customers.  *Id.*  ZF ASE creates numerous commercial, marketing, design, and development documents for each unique DAS configuration.  *Id.* at ¶ 7.

The process of locating records responsive to Plaintiff's subpoena is a time-intensive, labor-intensive task involving searches of onsite and offsite repositories. *Id.* at ¶¶ 7-8.  For the *Wen* lawsuit, ZF ASE employees spent 15 hours just searching for the 298 pages of the first set of documents produced in December 2019 subject to the interim agreement with Plaintiff's counsel.  *Id.* at ¶ 9.  ZF ASE employees expended additional hours for the two subsequent productions of 279 pages in *Wen* associated with Plaintiff's ever-changing scope requests.  *See* Exs. I, J.  ZF ASE's repeated, extensive efforts to reach a compromise – and Plaintiff's continually evolving definition of necessary documents despite those efforts – further demonstrate the burden ZF ASE would suffer if forced to comply with the subject subpoena.

In a typical automotive product liability case where ZF ASE is a party and a single ZF ASE product in one vehicle is at issue, ZF ASE employees routinely expend dozens, and sometimes even more than 100 hours, searching for, gathering,

and reviewing potentially responsive documents.  *Id.* at ¶ 10.  Given the incredibly broad scope of Plaintiff's subpoena, the typical time estimation to search for documents and information would increase by many multiples in this case.  *Id.*  The search cannot be completed without expending an extremely large and burdensome number of man-hours.  *Id.*  Because such a drain of resources would harm ZF ASE, Plaintiff's unduly burdensome and overbroad subpoena should be quashed.

## C.     Plaintiff's Subpoena Requires Disclosure of Confidential Information

The burden of demonstrating the information at issue is confidential rests with ZF ASE.  *Spartanburg,* 2005 U.S. Dist. LEXIS 30594 at *6.  If ZF ASE demonstrates the information and documents requested by Plaintiff's subpoena are confidential and that disclosure of such would subject it to harm, the burden then shifts to Plaintiff to establish that the requested documents are *both* relevant and necessary.  *Id.*  If Plaintiff can satisfy his burden, the Court must then balance Plaintiff's need for the information against the potential harm to ZF ASE by its disclosure.  *Id.*

ZF ASE presents affidavit testimony from Mr. Emanuel Goodman establishing the information and documents sought by Plaintiff are confidential that would subject ZF ASE to significant harm if disclosed.  *See* Ex. B, ¶¶ 12-17.  The documents requested by Plaintiff, and the engineering and commercial information they contain or embody, are confidential commercial information that gives ZF ASE a significant commercial advantage in its business.  *Id.* at ¶ 13.

ZF ASE has expended substantial costs for manpower, capital, facilities, and equipment used in designing, manufacturing, and testing its DAS products.  *Id.* at ¶ 16.  If that information were to be revealed to ZF ASE's competitors, they would be able to use such information to ZF ASE's substantial economic detriment and without those competitors having to incur any costs to develop any of the valuable technical information embodied in ZF ASE's manufacturing drawings and engineering and testing records.  *Id.*

Plaintiff's subpoena is particularly invasive of ZF ASE's confidential information because it requires ZF ASE to produce pricing documents for other OEMs to all parties in this lawsuit, including Ford.  *Id.* at ¶ 15.  Such pricing information is highly proprietary and trade secret, and production of pricing information for one OEM to another OEM (Ford) could result in significant economic harm to ZF ASE and put ZF ASE at a serious disadvantage in its commercial dealings with Ford.  *Id.*

## D.   Plaintiff Cannot Demonstrate ZF ASE's Confidential Business Information is Relevant or Necessary

The harm caused by the irrelevant and overly broad subpoena demands alone justifies quashing Plaintiff's subpoena.   But because ZF ASE established the information at issue is trade secret and disclosure would subject it to harm, Plaintiff must demonstrate the information is relevant **and** necessary.  Relevance cannot be based upon "a theoretical argument that the requested information somehow relates

to an action pending in another district." *Spartanburg,* 2005 U.S. Dist. LEXIS 30594 at *6 (citing *Allen v. Howmedica Leibinger,* 190 F.R.D. 518, 526 (W.D. Tenn. 1999)).  Plaintiff must be able to demonstrate the "linkage between the discovery sought and admissible evidence." *Id.*

Plaintiff cannot establish ZF ASE's confidential information is relevant or necessary to his claims or demonstrate any linkage to admissible evidence.  ZF ASE did not supply the pedestrian or cyclist avoidance features at issue for the subject vehicle, but Plaintiff demands ZF ASE provide a deposition regarding any and all information related to its FCAT products from 2004 to 2013 without any OEM or vehicle limitation and search for and produce multiple, broad-ranging categories of voluminous confidential documents.

During meet-and-confer communications, Plaintiff's counsel failed to articulate how the requested information is relevant to his client's claims or necessary to the adjudication of the underlying action, but he expects ZF ASE "to produce all documents responsive to our subpoena, and to produce a knowledgeable witness." *See* Ex. G.  Plaintiff already attempted this tactic in the *Wen* lawsuit with General Motors by seeking any and all information about General Motors' work on FCAT products.  Given that Judge Brnovich significantly limited relevant discovery to camera or fusion technology for detection of pedestrians or cyclists in *Wen*, most of the materials sought in Plaintiff's subpoena are indisputably irrelevant.  *See* Ex.

F.  Plaintiff's counsel now believes the scope of discovery for non-party ZF ASE should be broader than the scope ordered for the defendant in the *Wen* lawsuit involving similar issues and claims. [1]   He should not be permitted to conduct discovery previously prohibited by a judge in a similar case.

Any attempted argument for necessity fails because ZF ASE already produced 125 pages in *Hesselbacher* and 577 pages in *Wen,* including marketing, brochures, and customer presentations showing the various DAS products offered by ZF ASE for three distinct time periods and describing the functionality, characteristics, and quality of those products.  It was Plaintiff's counsel who identified the scope of necessary documents for the interim agreement and twice revised the scope despite ZF ASE's compliance with the prior agreements.  Plaintiff needs nothing more from ZF ASE to litigate his claims against Ford.

A plaintiff who makes no attempt to obtain requested information from a source other than a non-party "significantly undermines its claim of need." *Spartanburg*, 2005 U.S. Dist. LEXIS 30594 at *13.  Plaintiff should be able to obtain documents and information from Ford regarding what FCAT products ZF ASE and other suppliers offered and the prices of those products.  Ford presumably would have possession of any commercial documents between ZF ASE and Ford regarding

---

[1] Plaintiff's counsel wants to broaden not only the scope of FCAT products at issue but also the OEMs and vehicles at issue.  Ford's and General Motors' discovery is inherently limited to its own documents, but Plaintiff now demands ZF ASE produce materials for *all* of its OEM customers.

（

FCAT products on other Ford vehicles.  Just like the plaintiff in *Spartanburg*, Plaintiff has not exhausted his efforts to seek the information he requested from sources other than ZF ASE.  Therefore, even if the additional materials were relevant to his claims, Plaintiff's subpoena to non-party ZF ASE should be quashed.

Finally, ZF ASE's status as a non-party to the underlying litigation is a "significant factor" for consideration in the undue burden analysis.  *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010).  This factor weighs heavily against disclosure.  *Echostar Communs. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998).  Courts in this district routinely hold that "obtaining information available by less-obtrusive means is preferable to involving a non-party." *Hansen*, 2009 U.S. Dist. LEXIS 46217 at *6 *citing* (*Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (D.C. Ind. 2002)).  Here, Plaintiff failed to seek his requested information with less-obtrusive measures such as publicly available sources or from Ford.  Plaintiff failed to take "reasonable steps to avoid imposing undue burden or expense" on ZF ASE, as FED. R. CIV. P. 45(d)(1) requires.  Combined with all other factors of relevance, need, confidentiality, harm to ZF ASE, and the breadth of the requests, ZF ASE's status as a non-party further entitles it to protection against Plaintiff's broad demands.

## CONCLUSION

Plaintiff's subpoena demands are tremendously overbroad. They require non-party ZF ASE to expend vast resources to collect and produce confidential materials does not need, and did not seek from other, less intrusive sources. Accordingly, the Court should grant this Motion to Quash and issue an order quashing Plaintiff's subpoena.

Respectfully submitted,

By: /s/ Seth D. Gould
   Seth D. Gould
   The Miller Law Firm, P.C.
   950 W. University Dr., Ste. 300
   Rochester, MI 48307
   Tel: (248) 841-9402
   Fax: (248) 652-2852
   sdg@millerlawpc.com
   Attorneys for ZF Active Safety and Electronics US LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the above instrument was served on all counsel of record in the Arizona Lawsuit in accordance with the Federal Rules of Civil Procedure on this 13th day of March 2020.

G. Lynn Shumway           ***Via CMRRR and Email***
SHUMWAY LAW PLLC
Brent Ghelfi
GHELFI LAW GROUP PLLC
4647 N. 32nd Street, Suite 230
Phoenix, Arizona 85018

13

shumway@carsafetylaw.com
BrentGhelfi@GhelfiLawGroup.com
*Counsel for Plaintiff*

Patrick X. Fowler                                                        *Via Email*
Craig A. Logsdon
Kristine L. Gallardo
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
pfowler@swlaw.com
clogsdon@swlaw.com
*Counsel for Defendant Ford Motor Company*

Thomas M. Ryan                                                          *Via Email*
Sara K. Ryan
LAW OFFICE OF THOMAS M. RYAN
2340 W. Ray Road, Suite 1
Chandler, AZ 85224
tom@ryanlawaz.com
sara@ryanlawaz.com
*Counsel for Plaintiff*

/s/ Seth D. Gould
Seth D. Gould